UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY DOTSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:25-cv-01028-HEA |
| NEGWER MATERIALS, INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Tammy Dotson's Application to Proceed in the District Court without Prepaying Fees or Costs.  Doc. [3].  Also before the Court is Plaintiff's Motion for Appointment of Counsel.  Doc. [2]  Both motions will be denied without prejudice.

The Court has reviewed Plaintiff's Application to Proceed without Prepaying Fees and Costs and found that she incompletely answered questions 3, 4, and 7 of the Application, which seeks information regarding her financial status.  As to question 3, Plaintiff states that she is employed, but states without explanation that she receives no wages from her employer.  She also does not state the name and address of her employer.  As to question 4, plaintiff does not state the amount of disability insurance she receives each month.  As to question 7, Plaintiff does not indicate how much she contributes per month to support her daughter.  Without this

information, the Court cannot determine Plaintiff's status as an in forma pauperis litigant. Therefore, the Court will deny Plaintiff's Application without prejudice. If Plaintiff seeks to continue this lawsuit, she must either pay the $405 filing fee or file a complete the full Application to Proceed in the District Court without Prepaying Fees and Costs within 14 days of the date of this Order.

Plaintiff has also filed a motion for appointment of counsel. The motion will be denied without prejudice. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the

legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs is **DENIED** without prejudice. Doc. [3]

**IT IS FURTHER ORDERED** that the Clerk shall mail Plaintiff another form Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, Plaintiff shall either pay the $405 filing fee or file a completed Application to Proceed in District Court without Prepaying Fees or Costs. Plaintiff's failure to complete each question will result in denial of the Application.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. Doc. [2]

**IT IS FURTHER OREDERED** that Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 17th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE