## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TAMMY DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-01028-HEA |
| | ) |
| NEGWER MATERIALS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

Before the Court is Defendants Negwer Materials, Inc. and Scott Negwer's Motion to Dismiss Due to Plaintiff's Inaccurate Financial Affidavits. Plaintiff has responded to the motion. For the following reasons, the Court will order Plaintiff to show cause why this action should not be dismissed with prejudice for providing untrue allegations of poverty. *See* 28 U.S.C. §1915(e)(2)(A).

### **Background**

Plaintiff filed this employment discrimination action on July 11, 2025 and filed a form "motion to proceed in forma pauperis and affidavit in support—habeas cases." In addition to using the wrong form, Plaintiff did not answer, or incompletely answered, questions 3, 4, and 7 of the form, which sought information regarding her financial status. For example, she listed that she received monthly disability checks, but did not include the amount. For these reasons, on July 17, 2025, the Court denied without prejudice Plaintiff's motion, supplied her with the correct form, and required her to file the completed application to proceed in district court without prepaying fees or costs ("application") (Doc. 5).

On July 22, 2025, Plaintiff submitted her completed application (Doc. 6).  On this application, Plaintiff answered questions 3 and 4 as follows:

> 3.  *Other Income*. In the past 12 months, I have received income from the following sources (*check all that apply*):
>
> | | | |
> |---|---|---|
> | (a) Business, profession, or other self-employment | ___Yes | x  No |
> | (b) Rent payments, interest, or dividends | ___Yes | x  No |
> | (c) Pension, annuity, or life insurance payments | ___Yes | x  No |
> | (d) Disability or worker's compensation payments | x   Yes | __ No |
> | (e) Gifts or inheritances | ___Yes | x  No |
> | (f)  Any other sources | ___Yes | x  No |
>
> *If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*
>
> Disability $4000 monthly
>
> 4.    Amount of money that I have in cash or in a checking or savings account:
>
> $ 0

Doc. 6.

Defendants responded with the instant Motion to Dismiss Due to Plaintiff's Inaccurate Financial Affidavits.  In their motion, Defendants stated that Plaintiff withdrew $40,000 from her 401(k) retirement account on June 25, 2025—16 days prior to filing her suit.  Plaintiff did not list this income on the application, even when specifically asked if she received income from "(c) Pension, annuity, or life insurance payments," or "(f) Any other sources."  Defendants also noted that this money was deposited into Plaintiff's bank account with The Bancorp Bank, a bank account she did not list on the form when asked about any money in checking or savings accounts.

Defendants state that because she did not list this income or this bank account on her application, her allegations of poverty were untrue and the case should be dismissed under 28 U.S.C. § 1915(e)(2)(A).

Plaintiff responded by stating that her application "was not false nor a product of fraudulent representation." (Doc. 10 at 3). She states that her $40,000 withdrawal from her 401(k) was a "hardship withdrawal" and not considered pension payments or regular income.[1] She cites to IRS Topic No. 558 (https://www.irs.gov/taxtopics/tc558) to support this assertion. However, Topic No. 558 categorizes these withdrawals as income, the opposite of what Plaintiff contends, and taxes it at an additional 10 percent. *Id.* Plaintiff does not address Defendants' assertion that the money was deposited into Plaintiff's bank account with The Bancorp Bank, which was not listed as a checking or savings account on her application. All told, Plaintiff withdrew $40,000 from her 401(k) two weeks before filing suit, but does not list this income or any money in any checking or savings account on her application, despite questions specifically asking for this information.

## Discussion

Section 1915(e)(2)(A) requires the Court to dismiss a case if it determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).[2] The Eighth Circuit has determined that this requirement does not mandate that the Court dismiss the case if it finds the affidavit is untrue, "instead, it requires the district court to dismiss the claim if it finds that [plaintiff] is not

---

[1] Plaintiff states that her hardship withdrawal was for her daughter's education. The Court notes that hardship withdrawals are allowed for tuition and related fees for postsecondary education. *See* https://www.irs.gov/retirement-plans/plan-participant-employee/retirement-topics-hardship-distributions (last visited Sept. 26, 2025). Plaintiff has listed her daughter as a minor on her application, which makes it unlikely that she is pursuing postsecondary education. The Court will presume that Plaintiff either has two daughters or that her minor daughter is enrolled in college or vocational school.

[2] Plaintiff challenges Defendants' motion as premature because they have not been served with process. On August 11, 2025, Defendants executed waivers of service, which moots Plaintiff's challenge. *See* Docs. 13-14.

sufficiently poor to qualify for in forma pauperis status given the facts that are true." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Indeed, as Plaintiff has quoted in her response, "[t]he purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Id.* (quotation and citation omitted). The Eighth Circuit has held dismissal of a case with prejudice is appropriate "where a plaintiff has in bad faith filed a false affidavit of poverty." *Williams v. Mayfield*, 2017 WL 5956691, * 3 (D. Minn. Nov. 30, 2017) (quoting *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990)).

Plaintiff's allegation of poverty in her application was false. If she had included her $40,000 income, as required by the form, the Court would have denied her application. "Where an individual's allegation of poverty is found to be false, dismissal is mandatory." *Id*. Whether the Court dismisses this action with or without prejudice, however, depends on a finding of bad faith. *Id.* The Court is skeptical of Plaintiff's contention that she did not realize her $40,000 withdrawal was considered income. This is especially true because the IRS guidance she purports to rely on categorizes this withdrawal as income. Also, she provides no explanation for answering that she has no money in cash or in a checking or savings account on her July 11, 2025 and July 22, 2025 applications. Nor does she provide any information regarding her bank account at The Bancorp Bank.

Defendants have asked the Court to issue a show cause order requiring Plaintiff to show cause why her complaint should not be dismissed with prejudice for making false financial disclosures. *See* Doc. 18. The Court will grant this request. Plaintiff shall show cause in writing **on or before <u>October 10, 2025</u>** why this action should not be dismissed with prejudice for her failure to file truthful financial disclosures on July 11 and July 22, 2025. Plaintiff shall answer in particular whether she had any cash or any money in a checking or savings account on July 11 or

- 4 -

July 22, 2025. Also, she should respond specifically to the question of why she did not list her account at The Bancorp Bank in the financial disclosures filed July 11, 2025 and July 22, 2025.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs is **DENIED**. (Doc. 6)

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss case due to Plaintiff's inaccurate financial affidavits is **GRANTED**. (Doc. 9)

**IT IS FURTHER ORDERED** that Defendants' request for presentation of testimony in connection with their motion to dismiss due to Plaintiff's inaccurate financial affidavits is **DENIED**. (Doc. 11)

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike/quash Defendants' efforts to prematurely engage in discovery without authorization of the Court or the rules of discovery is **DENIED**. (Doc. 12)

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to pay the filing fee is **GRANTED** to the extent she seeks to pay the filing fee consistent with this Order. (Doc. 15).

**IT IS FURTHER ORDERED** that in accordance with this Order, Plaintiff shall show cause in writing **on or before October 10, 2025** why this action should not be dismissed with prejudice as a result of her failure to file truthful financial disclosures on July 11 and July 22, 2025.

**Plaintiff's failure to timely and completely respond to this Order will result in the dismissal of this action with prejudice and without further notice.**

Dated this 26th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE