UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 1028 RWS |
| | ) | |
| NEGWER MATERIALS, INC, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

On July 31, 2025, Defendants Negwer Materials, Inc. and Scott Negwer filed a motion to dismiss Plaintiff Tammy Dotson's complaint based on alleged inaccurate financial disclosures Dotson made in her application for leave to proceed in forma pauperis filed with the Court. On September 26, 2026, United States District Judge Henry Autrey issued a memorandum and order granting the Negwer defendants' motion to dismiss. Judge Autrey found that Dotson made material misrepresentations in her application. However, Judge Autrey left open the question of whether this case is dismissed with or without prejudice. To decide that issue Judge Autrey directed Dotson to show cause why this matter should not be dismissed with prejudice. The parties have briefed that issue.

On May 15, 2026, this matter was transferred to me for all further proceedings. The sole question remaining in this matter is whether this case

should be dismissed with or without prejudice. On May 22, 2026, I set a hearing in this matter which was ultimately held on August 4, 2026. On the same day Dotson filed a motion to reconsider the dismissal of this case. After the hearing the parties filed additional briefs regarding whether this case should be dismissed with or without prejudice. I find that the case should be dismissed with prejudice.

The facts are not in dispute. On July 11, 2025, Dotson filed her complaint along with a motion to proceed in forma pauperis. On July 17, 2025, Dotson was ordered to file an amended motion to proceed in forma pauperis on the appropriate Court form.[1] On July 22, 2025, Dotson filed her completed form. Question 3 of the form asked whether the applicant received "other income" in the past 12 months, (c) including from any pension, annuity, or life insurance, or from (d) any other sources. Dotson checked the "No" box to (c) and (d).[2] Question 4 asked the applicant to disclose the amount of money that applicant has in cash or in a checking or savings account. Dotson responded $0. Dotson signed the application, under penalty of perjury, attesting that her answers were true. They were not.

Defendants filed evidence that Dotson had in fact withdrawn $40,000.00

[1] Dotson's original motion to proceed in forma pauperis filed on July 11. 2025, was filed on a Court form to be used only in federal habeas corpus proceedings. She was directed to refile her motion using the correct Court form.

[2] Dotson also denied receiving money from these sources in her original motion to proceed in forma paupers on July 11, 2025.

from her 401(k) retirement account on June 25, 2025 --- 16 days prior to filing this lawsuit. Defendants also provided evidence that this money was deposited in Dotson's bank account with The Bankcorp Bank. ECF No. 9.1.

Dotson stated that she withdrew the $40,000.00 to pay for her daughter's educational expenses. Dotson asserted that she did not believe that her $40,000.00 withdrawal was considered income. She cited to IRS Topic No. 558 (https://www.irs.gov/taxtopics/tc558) to support this assertion. However, Topic No. 558 categorizes these withdrawals as income, the opposite of what Plaintiff contends, and taxes it at an additional 10 percent. Id. On September 26, 2026, Judge Autrey found that Dotson's allegation of poverty in her in forma pauperis application was false. The $40,000.00 withdrawal was not disclosed in either (c) or (d) of Question 3 on the application. Nor did she disclose the deposit in her Bankcorp Bank account. Judge Autrey stated that if Dotson had disclosed her $40,000.00 income, as required by the form, the Court would have denied her application. Judge Autrey dismissed Dotson's case and ordered her to show cause why this matter should not be dismissed with prejudice.

On October 1, 2025, Dotson filed a response to the show cause order. Dotson asserted that she did not disclose the $40,000.00 withdrawal because she believed it was not considered income to her – it was to pay her daughter's

education expenses. That is not correct, the IRS treats this withdrawal as income. See IRS Topic No. 558. She stated that she did not fail to disclose any funds she had in a bank (Question 4) because her $40,000.00 deposit was made to The Bankcorp Bank with whom she had a Chime account. She asserted that neither The Bankcorp Bank nor Chime are banks. That is not correct. "The Bankcorp Bank, N.A. is a nationally chartered bank headquartered in Sioux Falls, South Dakota which provides nonbank financial companies [like Chime] with the people, processes and technology to meet their unique banking needs." https://www.fdic.gov/federal-register-publications/bancorp-bank-na-paul-frenkiel-rin-3064-af99. On August 4, 2026, at the hearing of whether her case should be dismissed with prejudice, Dotson repeated her arguments that the $40,000.00 distribution was not income and that the account at The Bankcorp Bank did not need to be disclosed because The Bankcorp Bank in not a bank.

Rather than disclosing the $40,000.00 and her bank deposit, Dotson unilaterally decided that this disclosure was not required. She did not give the Court the opportunity to determine whether this income should be included or excluded in ruling on her motion to proceed in forma pauperis. Moreover, Dotson's application also failed to disclose her ownership of a car. Question 5 of the application asks whether she owns an automobile (among other assets). She

responded "none." Yet in Question 8 regarding the disclosure of debts, Dotson stated that she had a $457.00 per month car payment and that the outstanding amount owed was $11,000.00. At the hearing of this motion Dotson revealed that she owned a Lexus truck valued at $13,000.00. Dotson's argument that her failure to disclose these assets was based on a lack of experience rather than a bad faith intentional act is not persuasive. Her pleadings, her filings seeking reconsideration, and her papers filed in opposition to the motion to dismiss indicate a very strong grasp of legal arguments and the ability to analyze complex issues which belie her claim of innocent misrepresentations.

United states Code 28, Section 1915(e)(2) states "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Moreover, a district court "has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty." Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990). I find that Dotson's failure to disclose the $40,000.00 withdrawal, her failure to report her bank account, and her failure to disclose her Lexus automobile were intentional acts made in bad faith. Rather than revealing these assets and then asserting to the Court her position that these assets should not be considered for her

financial status, Dotson instead chose to unilaterally and intentionally not disclose these assets. Based on Dotson's intentional bad faith failure to disclose these assets I find that Dotson's case should be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Negwer Materials, Inc. and Scott Negwer's motion to dismiss [9] is **GRANTED with prejudice**.

**IT IS FURTHER ORDERED that** Plaintiff Tammy Dotson's motions for reconsideration [41 and 49] are **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2026.